IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
JUAN A. MELGOZA RAMIREZ,        )
                                )
              Petitioner,       )       8:12CV74
                                )
       v.                       )
                                )
FRED BRITTEN,                   )       MEMORANDUM OPINION
                                )
              Respondent.       )
_____)
```

This matter is before the Court on petitioner Juan A. Melgoza Ramirez's ("Melgoza Ramirez") Petition for Writ of Habeas Corpus ("Petition")(Filing No. 1). Respondent filed an answer (Filing No. 8), a brief on the merits of the petition (Filing No. 9), reply brief (Filing No. 15), and relevant State Court Records (Filing No. 7). Melgoza Ramirez filed a response to respondent's answer and brief (Filing No. 14). This matter is therefore deemed fully submitted.

Liberally construing the allegations of Melgoza Ramirez's petition, he asserts the following claim: Petitioner was denied due process of law and the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* his trial counsel failed to: (1) obtain experts for forensic and other matters; (2) object or otherwise advise petitioner to withdraw his guilty plea upon hearing "the

factually untrue factual basis;" (3) investigate and interview key witnesses for the defense, including coroner, crime lab, and law enforcement witnesses; and (4) investigate and interview 12 separate fact witnesses favorable to petitioner (together, the "Habeas Claim") (Filing No. 1).

## BACKGROUND

On February 25, 2010, Melgoza Ramirez pled guilty to one count of second degree murder (Filing No. 7-4 at CM/ECF pp. 4-12). The Douglas County, Nebraska, District Court thereafter sentenced Melgoza Ramirez to serve a prison term of 50 years to life for that conviction (Filing No. 7-1 at p. 17). Melgoza Ramirez filed a timely direct appeal, in which he argued only that his sentence was excessive. (Id. at CM/ECF pp. 22-32.) Melgoza Ramirez's direct appeal counsel was the same as his trial counsel. (Id. at CM/ECF p. 32; Filing No. 7-4 at CM/ECF pp. 4, 13.) The Nebraska Supreme Court summarily affirmed the conviction and sentence on September 22, 2010 (Filing No. 7-3 at CM/ECF p. 5).

On January 31, 2011, Melgoza Ramirez filed a verified motion for postconviction relief in the Douglas County District Court (the "Post Conviction Motion") (Filing No. 7-2 at CM/ECF pp. 15-47). Liberally construed, the Post Conviction Motion set

forth all parts of Melgoza Ramirez's Habeas Claim. (*Id.*) The Douglas County District Court denied Melgoza Ramirez relief on all claims asserted in the Post Conviction Motion. (*Id.* at CM/ECF pp. 61-62.) Melgoza Ramirez filed a timely appeal of the denial of post conviction relief. On appeal, Melgoza Ramirez assigned several errors, encompassing all four parts of his Habeas Claim. (*Id.* at CM/ECF pp. 92-111.) On September 27, 2011, the Nebraska Supreme Court issued an opinion affirming the Douglas County District Court's denial of post conviction relief. (*Id.* at CM/ECF pp. 113-20.) Details of the Nebraska state court opinions are set forth where necessary in the Court's analysis below. On February 21, 2012, Melgoza Ramirez timely filed his Petition in this Court (Filing No. 1).

### ***ANALYSIS***

### *I. Standard of Review*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

Put simply, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786 (2011). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit has clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a
> petitioner's claim be adjudicated
> on the merits by a state court is
> not an entitlement to a well-
> articulated or even a correct
> decision by a state court.
> . . . Accordingly, the

-5-

> postconviction trial court's
> discussion of counsel's performance
> -- combined with its express
> determination that the ineffective-
> assistance claim as a whole lacked
> merit -- plainly suffices as an
> adjudication on the merits under
> AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted). The Court also determined that a federal district court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* Similarly, the Supreme Court has held:

> There is no text in the statute
> requiring a statement of reasons.
> The statute refers only to a
> "decision," which resulted from an
> "adjudication." As every Court of
> Appeals to consider the issue has
> recognized, determining whether a
> state court's decision resulted
> from an unreasonable legal or
> factual conclusion does not require
> that there be an opinion from the
> state court explaining the state
> court's reasoning.

*Harrington*, 131 S. Ct. at 784.

## II.  *The Strickland Standard*

The Douglas County District Court and the Nebraska Supreme Court adjudicated all four parts of Melgoza Ramirez's Habeas Claim on the merits, all of which relate to the ineffective assistance of Melgoza Ramirez's trial counsel. Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that a petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694;

-7-

*see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

In addition, the Supreme Court has emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 111 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus: The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable -- a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").
*Id.* at 123.

The Supreme Court has stressed the importance of deference to state court opinions in cases where the petitioner accepted a plea:

> There are certain differences
> between inadequate assistance of
> counsel claims in cases where there

-9-

> was a full trial on the merits and those, like this one, where a plea was entered even before the prosecution decided upon all of the charges.  A trial provides the full written record and factual background that serve to limit and clarify some of the choices counsel made.  Still, hindsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed. . . . Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial . . . [t]he added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance.  Counsel, too, faced that uncertainty.  There is a most substantial burden on the claimant to show ineffective assistance.  The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place.

*Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 745-46 (2011)

(citations omitted).

### *III. Melgoza Ramirez's Habeas Claim*

*A.     State Court Findings*

For his Habeas Claim, Melgoza Ramirez argues that his conviction was unconstitutional because he received ineffective assistance of counsel at trial in four respects, in violation of the Sixth and Fourteenth Amendments (Filing No. 1).  Melgoza Ramirez raised these claims in his Post Conviction Motion and on appeal, and the Douglas County District Court and Nebraska Supreme Court considered and rejected them in their entirety.[1]

The Douglas County District Court detailed the facts surrounding Melgoza Ramirez's plea, including the fact that Melgoza Ramirez pled guilty to second degree murder after originally being charged with "murder in the first degree" for the "deliberate and premeditated" killing of his roommate (Filing No. 7-2 at CM/ECF p. 61).  The Douglas County District

---

[1] Rather than addressing the merits of Melgoza Ramirez's Habeas Claim in any way, respondent argues only that Melgoza Ramirez's claims are "procedurally defaulted because he plead [sic] guilty to the charge of second degree murder and did not seek to withdraw his plea in the trial court."  (Filing No. 9 at CM/ECF pp. 9-10.)  The record before the Court clearly shows that Melgoza Ramirez properly presented his ineffective assistance of counsel claims to the Nebraska state courts, and the Court has found no support for the argument that Melgoza Ramirez is absolutely barred from asserting ineffective assistance of counsel claims simply because he pled guilty.  Thus, and because the record is sufficient to do so, the Court addresses the merits of Melgoza Ramirez's Habeas Claim even though respondent did not.

Court reviewed the record before it and determined that "there is no showing that the performance of [Melgoza Ramirez's] attorney was deficient." (*Id.* at CM/ECF p. 62.)

On appeal, the Nebraska Supreme Court, applying *Strickland* and other precedent, also rejected Melgoza Ramirez's Habeas Claim. (*Id.* at CM/ECF pp. 113-20.) Regarding parts 1, 3, and 4 of Melgoza Ramirez's Habeas Claim, the Nebraska Supreme Court determined:

> Additionally, a number of Melgoza-Ramirez's claims of ineffective assistance of counsel may be dismissed for failing to allege anything other than conclusions of fact or law. This court has repeatedly held that a motion for postconviction relief must allege specific facts which would demonstrate ineffective assistance of counsel. Melgoza-Ramirez failed to allege such facts in his first, third, fourth, and sixth claims of ineffective assistance of counsel -- he merely alleged broad conclusions of fact or law. Thus, those claims are without merit.

(*Id.* at CM/ECF pp. 117-18.)[2]

---

[2] Parts 1, 3, and 4 of Melgoza Ramirez's Habeas Claim correspond to the "first, third, fourth, and sixth" claims of ineffective assistance of counsel raised before the Nebraska Supreme Court.

-12-

The Nebraska Supreme Court likewise rejected part 2 of Melgoza Ramirez's Habeas Claim, finding:

> Melgoza-Ramirez claims that his attorney's performance was deficient in failing to object to the State's assertion that [the victim's] cause of death was asphyxiation by strangulation. Melgoza-Ramirez further claims that a number of witnesses would have testified that the cause of death was "undetermined," and if Melgoza-Ramirez had known that, he would have insisted on going to trial rather than accept a plea agreement.

The record in this case affirmatively shows that the cause of death was determined to be asphyxiation by strangulation. Melgoza-Ramirez's claim to the contrary is based on a report from an officer who was present during the victim's autopsy. The officer's report indicated that, upon the conclusion of the autopsy, the final cause of death was undetermined on that particular day, pending test results. However, the medical examiner's final report, submitted a few days following the autopsy, stated that the cause of death was attributed to asphyxiation by strangulation. Thus, counsel had no basis to dispute asphyxiation by strangulation as [the victim's] cause of death. The record, therefore, affirmatively

shows that Melgoza-Ramirez is entitled to no relief on that ground. (*Id.* at CM/ECF p. 118.) The Nebraska Supreme Court further affirmed the denial of post-conviction relief based on the following:

> But there was no trial here; Melgoza-Ramirez entered into a plea agreement before any trial occurred. As a result, counsel could not have been deficient in making any decision to call or not call a witness, use a specific theory of defense, or in making his closing argument, because those decisions were never made. The only consequential strategic decision made in this case was whether or not to accept the plea agreement. And the record affirmatively shows that the court asked Melgoza-Ramirez, in detail, if he had time to consult with his attorneys regarding his case and the basis of his plea, to which Melgoza-Ramirez unequivocally answered "Yes." Thus, counsel's performance was neither deficient nor prejudicial in this regard. Melgoza-Ramirez is entitled to no relief.

(*Id.* at CM/ECF p. 119.) Thus, the Nebraska Supreme Court denied all four parts of Melgoza Ramirez's Habeas Claim.

  B. *Deference*

   As set forth above, the Court must grant substantial deference to the Nebraska state court decisions. Indeed, the

foregoing findings of fact and conclusions of law relating to Melgoza Ramirez's Habeas Claim are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. The Nebraska Supreme Court reviewed all of the evidence and determined, based on *Strickland,* and other federal and state law, that Melgoza Ramirez's trial counsel's performance was not deficient in any way, particularly in light of the plea agreement that Melgoza Ramirez "freely, knowingly, intelligently and voluntarily entered" into. (*Id.* at CM/ECF pp. 61, 113-20.) While the Nebraska Supreme Court's opinion was perhaps conclusory as to some portions of the Habeas Claim, that court clearly found that Melgoza Ramirez's Sixth and Fourteenth Amendment rights were not violated, and rejected the Habeas Claim in its entirety. Such an adjudication on the merits is still entitled to deference. *See Harrington*, 131 S. Ct. at 784.

The Court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Melgoza Ramirez has not submitted any evidence,

let alone clear and convincing evidence, that the Nebraska Supreme Court, or any other Nebraska state court, was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied federal law. In light of these findings, Melgoza Ramirez's petition will be dismissed. A separate order will be entered in accordance with this memorandum opinion.

DATED this 1st day of October, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.